UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN KING, JR., | ) | 1:09-cv-00369-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING SUCCESSIVE |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS PURSUANT TO 28 U.S.C. § |
| | ) | 2244(b) (Doc. 1) |
| | ) | |
| TOM FELKER, Warden, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGEMENT AND CLOSE |
| Respondent. | ) | FILE |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 13, 2007, Petitioner filed the instant petition in the United States District Court for the Central District of California. (Doc. 1). For reasons not clear in the present record, the case languished in the Central District of California until it was finally transferred to this Court on February 27, 2009. (Doc. 16). In the petition, Petitioner challenges his March 5, 1999 conviction in Kern County Superior Court for possession of a controlled substance and subsequent prison term of twenty-five years to life. (Doc. 1, p. 2). Petitioner raises three claims of ineffective assistance of counsel in failing to properly investigate his case. (Id., pp. 11-12). On June 15, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge to handle these

1  proceedings.  (Doc. 23).

2      A review of the Court's dockets and files shows Petitioner has previously sought habeas

3  relief with respect to this conviction.[1] In case no. 1:03-cv-05856-OWW-SMS HC, Petitioner, as he

4  does now, challenged his March 5, 1999 conviction in the Kern County Superior Court.  The Court's

5  records indicate that on January 30, 2004, the Court granted Respondent's motion to dismiss the

6  petition as untimely.  In the Court's Findings and Recommendations, which were adopted by the

7  District Judge who entered judgment on March 17, 2004, the one-year limitation period for filing a

8  federal habeas petition had expired on May 26, 2001, more than two years prior to the filing of the

9  petition in case no. 1:03-cv-05856-OWW-SMS HC on June 23, 2003.[2]

## DISCUSSION

11      A federal court must dismiss a second or successive petition that raises the same grounds as a

12  prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition

13  raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

14  constitutional right or 2) the factual basis of the claim was not previously discoverable through due

15  diligence, and these new facts establish by clear and convincing evidence that but for the

16  constitutional error, no reasonable fact-finder would have found the applicant guilty of the

17  underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides

18  whether a second or successive petition meets these requirements, which allow a petitioner to file a

19  second or successive petition.

20      Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

21  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

22  order authorizing the district court to consider the application."  In other words, Petitioner must

23  obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.

---

[1] The Court takes judicial notice of the docket in case no. 1:03-cv-05856-OWW-SMS HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

[2] In his petition, Petitioner candidly acknowledges having filed the earlier federal petition.  However, he indicates that he did not know what happened to his copies of the documents in that case but that "I believe I got dismissed." (Doc. 1, p. 10).

See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his 1999 Kern County conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for lack of subject-matter jurisdiction; and,

2. The Clerk of the Court is DIRECTED to enter judgment and close the file.


IT IS SO ORDERED.

Dated:   **June 22, 2009**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE